

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2009

# Butt v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2680

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Butt v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2680
_____

MOHAMMAD SUHAIL BUTT;
MUSTAFA BUTT,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency Nos. A98 493 362 and A98 493 363
Immigration Judge:  Frederic Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2009
Before:  FISHER, JORDAN and VAN ANTWERPEN,  Circuit Judges

(Opinion filed: May 15, 2009)
_____

OPINION
_____

PER CURIAM

   Mohammad Suhail Butt ("Mohammad") and his son, Mohammad Mustafa Butt

("Mustafa") petition for review of an order of the Board of Immigration Appeals ("BIA"

or "Board"), which denied their motion to reconsider the Board's previous order

dismissing their appeal from an Immigration Judge's final removal order. We will grant the petition for review as to Mustafa, and remand for further proceedings. We will deny the petition as to Mohammad.

Mohammad is a native of India and citizen of Pakistan. Mustafa is a native of Iraq and citizen of Pakistan. They entered the United States in 1999. Mohammad entered with false documents and was placed in removal proceedings because he did not have valid documents. A.R. 119. Mustafa was placed in removal proceedings because he was present in the U.S. without having been admitted or paroled. Both father and son conceded removability but requested continuances based on pending labor certification requests. On September 26, 2006, an Immigration Judge ("IJ") denied a final request for a continuance, noting that he had already granted a continuance that had "gone on for almost a year and a half" and that no labor certifications had been approved. The IJ ordered the Butts removed to Pakistan.

On January 30, 2008, the BIA dismissed the Butts' appeal, finding that the IJ had not abused his discretion in denying a continuance, as no labor certification had been approved, and the two had not presented any evidence that either was the beneficiary of an approved Immigrant Petition for Alien Worker (I-140), nor had they submitted copies of applications for adjustment of status.

On February 27, 2008, the Butts filed a Motion to Reconsider, which the BIA also considered as a motion to reopen. The motion stated that Mustafa Butt was the

beneficiary of an approved alien labor certification application, and that he had a pending Immigrant Petition for Alien Worker (I-140) and had filed an Application for Adjustment of Status (I-485). The motion also stated that Mohammad Butt would be eligible for adjustment of status "upon approval of his presently pending Application for Labor Certification ... ."

The BIA denied the motion as a motion to reconsider, as the Butts had not pointed to any legal or factual error in the BIA's prior decision. The BIA also denied the motion to reopen, stating that the Butts had provided no evidence that Mustafa was the beneficiary of an approved labor certification, and had provided no evidence of an approved employment-based visa petition for either respondent. The BIA stated that the evidence consisted only of filing receipts and completed application forms and did not show a "reasonable likelihood" that they would be able to establish adjustment of status should be granted. The Butts filed a timely petition for review.

In order to succeed on a motion to reopen,[1] the alien must, among other things, establish a prima facie case for the relief sought. Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). We review the BIA's denial of such a motion under an abuse of discretion standard. Id. at 562. In this case, Petitioners assert that they satisfied the reopening requirements through the labor petition process for adjustment of status to permanent

_____

[1] The only possible merit to Petitioners' motion is as a motion to reopen. As the BIA properly noted, the Butts did not point out any error of fact or law in the prior BIA decision, so it fails as a motion to reconsider.

residency.  This process involves three general steps: (1) the employer files a labor certification application with the Department of Labor; (2) the employer then files with the Department of Homeland Security ("DHS") both the approved labor certification as well as an I-140 alien worker petition; and (3) the alien receives a visa number and finally files an I-485 application to adjust status with the DHS.  See, e.g., Khan v. Attorney General, 448 F.3d 226, 228 n.2 (3d Cir. 2006).

According to Petitioners, Mustafa is potentially eligible for adjustment of status because he has an approved labor certification and has pending an I-140 petition and an I-485 application.  Because the labor certification application filed by his employer had a processing date of April 30, 2001, Mustafa is apparently "grandfathered" under 8 U.S.C. § 1255(i)(1)(B)(ii).[2]  In Mohammad's case, he only has a "pending" labor certification request.

In Khan, this Court held that an IJ did not abuse his discretion where he denied a request for a continuance based on the alien's wife's pending labor certification application.  The Court held that because any relief was speculative, Khan could not show that he was prima facie eligible for adjustment of status and the IJ thus did not abuse his discretion in denying the request.  Khan, 448 F.3d at 234.  Mohammad's motion to reopen

---

[2] The Legal Immigration Family Equity Act of 2000, Pub. L. 106-554, 114 Stat. 2763, ("LIFE Act"), enabled certain aliens to remain in the United States while seeking to adjust their status.  It had a sunset date of April 30, 2001 for the filing of qualifying petitions or applications, for example, Department of Labor certifications.  INA § 245(i)(1)(B), 8 U.S.C. § 1255(i)(1)(B).  See also Khan, 448 F.3d at 228-29 & n.2.

is similarly based on purely speculative relief–he does not have an approved labor petition. The BIA thus did not abuse its discretion in denying his motion to reopen.

As for Mustafa, the BIA stated that Mustafa had not provided any evidence of his assertion that he was the beneficiary of an approved labor certification. However, Mustafa attached to his motion to reopen a page from an Application for Permanent Employment Certification, which appears to be "certified" by a Government official in Section "O." A.R. 11. This appears to be an approved labor certification. Mustafa also presented evidence that he has pending an I-140 and an I-485. See pages 13 and 14 of 162 of the A.R. Thus, it is unclear why the BIA stated that Mustafa had not presented evidence of an approved labor certification.

We express no opinion as to whether the approved certification would be sufficient to cause the BIA to decide to reopen, but the matter should be remanded to allow the BIA to evaluate the evidence in the first instance.[3] We will therefore grant the petition for review as to Mustafa, and remand for further proceedings.

---

[3] Mustafa's motion also had attached a "Notice of Case Closure" which postdates the labor certification approval date. It is not clear what effect this "notice" has on his application. See A.R. 14.