NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4017

MOHAMMAD SUHAIL BUTT;
MUSTAFA BUTT,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(Nos. A098-493-362 & A098-493-363)

Submitted pursuant to Third Circuit LAR 34.1(a)
Friday January 28, 2011

Before: McKEE, Chief Judge, SMITH, Circuit Judge,
and STEARNS,[*] District Judge

(Opinion filed: February 18, 2011)

OPINION

McKEE, *Chief Judge*.

Mohammad Suhail Butt petitions for review of an order of the Board of

Immigration Appeals denying his motion to reopen his immigration proceedings to apply

_____

[*] Honorable Richard G. Stearns, District Court Judge, District of Massachusetts, sitting
by designation.

for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under Article III of the Convention Against Torture. For the reasons that follow, we will grant the petition and remand to the BIA.[1]

## I.

Since we are writing primarily for the parties, we need only briefly summarize as much of the factual and procedural background as will clarify our discussion.

Mohammad Suhail Butt is a Pakistani citizen and Shia Muslim. His last administrative hearing before the Immigration Judge was in 2006 when his motion for a continuance pending adjudication of a labor certification was denied. His subsequent appeals, including a prior motion to reopen proceedings, related to his attempts to obtain an adjustment of status by way of a labor certification. Each of those appeals was denied and exhausted by 2009. *See* App. 000129, and *Butt v. Att'y Gen. of the U.S.*, 327 F. App'x 367 (3d Cir. 2009). In July 2009, he filed the current motion with the BIA to reopen proceedings in order to apply for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA denied his motion in a decision dated September 21, 2009, and Butt filed the instant petition for review to challenge that denial.

## II.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir. 2004). In order to succeed on a petition for

---

[1] Since Butt filed a timely petition for review, we have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252.

2

review, Butt must show that the BIA's discretionary decision was arbitrary, irrational, or contrary to law. *See Tipu v. I.N.S.,* 20 F.3d 580, 582 (3d Cir. 1994).

Although a party may normally file only one motion to reopen, there is a statutory exception to that limitation based on changed country conditions in the country of nationality. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii), and 8 C.F.R. § 1003.2(c)(3), and the motion to reopen at issue here is based upon changed country conditions. Butt primarily argues that the evidence supports his claim that there has been a fundamental change in Pakistan's country conditions and that he now faces persecution on account of being a Shia Muslim.[2] Butt claims that the BIA abused its discretion in denying his motion to reopen because it failed to properly analyze the evidence of changed country conditions he submitted, some of which post-dated his original removal hearing.

The BIA may deny a motion to reopen on three independent grounds: 1) failure to make out a *prima facie* case for relief; 2) failure to introduce previously available material evidence; or 3) even if the first two grounds were met, the BIA has discretion to identify another reason why the movant is not entitled to relief. *See I.N.S. v. Abudu***,** 485 U.S. 94, 104-05 (1988).

---

[2] Butt makes several other arguments in support of his petition, including: 1) the BIA erred by failing to distinguish between "general violence and persecution in the context of general violence"; 2) that the BIA failed to review all of the evidence he presented with his motion to reopen, and 3) that the BIA failed to provide a reasoned analysis when it determined that he is unlikely to be targeted as an "American agent" upon his return to Pakistan. However, those arguments are, for the most part, subsumed in his overarching claim that changed circumstances justify reopening his petition for asylum.

The BIA denied Butt's motion to reopen on the second ground primarily because it concluded that the evidence accompanying Butt's motion predated the 2006 hearing and was not shown to have been previously unavailable. S*ee* 8 C.F.R. § 1003.2(c)(1).[3] The Board also concluded that the evidence provided with the motion did not establish materially changed conditions in Pakistan, but rather an "incremental increase in general violence." App. 000003. We disagree.

Although some of the evidence accompanying the motion to reopen does predate Butt's 2006 hearing, the majority of it consists of post-2006 reports pertaining to violent acts inflicted upon Shia Muslims in Pakistan. That evidence includes a March 19, 2009 report from an international news service, "Press TV,"[4] which includes the following report:

> This is while extremists groups have embarked on an 'ominous mission' to 'eliminate' Shia elites across Pakistan – which became a safe haven for pro-Taliban and al-Qaeda-linked militants after the US-led invasion of Afghanistan in 2001.
> They have killed hundreds of Shia medical doctors, university professors, lawyers and police officers across the violence-wracked country during the past few years.

App. 000030.

In addition, Butt's motion to reopen includes a petition imploring officials to stop what can best be described as unrelenting acts of violence directed against Shias. *See*

---

[3] The BIA explained: "Much of the evidence accompanying or incorporated within the respondent's motion to reopen predates the respondent's last hearing . . . on September 26, 2006, and has not been shown to have been unavailable . . . therefore failing to meet the requirements for a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1)." App. 000003.
[4] Press TV can be accessed via the internet at: http://www.presstv.ir/

App. 000031-34.  Contrary to the Board's conclusion, each of the numerous incidents that are alleged in that petition purportedly occurred in 2009 – well after the 2006 decision was filed.  *Id.* The following allegation is typical of the atrocities cited in the petition: "Muslims in Pakistan. Hundreds of Shias have been killed in the last one year alone in various attacks of terrorism by the Taliban, Al Qaeda,  . . . and other sectarian and jihadi groups in Pakistan." App. 000031.[5]

Furthermore,  Butt's petition has directed our attention to a July 14, 2009 BIA decision filed in a different proceeding in Houston, Texas approximately two months before the Board denied Butt's motion.[6]  *See* Pet'r's Br., Ex A.  In the Houston Adjudication, another Shia Muslim and Pakistani citizen, whose last administrative hearing was also in 2006, made the same argument in support of a motion to reopen filed with the BIA: changed conditions in Pakistan with respect to Shia persecution.   There, the Board granted the motion, concluding:

> While the background evidence indicates the existence of general civil strife, it also demonstrates that Shia Muslims are being targeted in violent attacks. Such evidence is material to the respondents' claim

---

[5] We have no way of knowing the accuracy of the statements set forth in that petition and we do not cite them as evidence of fact. Rather, we cite the petition and the violence it alleges merely to illustrate the analytical weakness of the BIA's conclusion that the materials Butt presented predated the 2006 decision.  Moreover, the issue in an asylum claim is whether the alien can demonstrate a "subjective fear [that is] objectively reasonable." *Sun Wen Chen v. Att'y Gen. of the U.S.,* 491 F.3d 100, 105 (3d Cir. 2007). These materials are clearly relevant to that determination absent some explanation to the contrary.

[6] The filed copy of the Board's decision contained in the Appendix does not include the name of the petitioner in that case. Accordingly, we will refer to it simply as "The Houston Adjudication."

> of a fear of future threats to their lives or freedom on account of their religion and/or their requests for protection under the Convention Against Torture.

*Id.*

We are therefore at a loss to understand how the Board could conclude that the materials of changed country conditions that Butt submitted reflect "simply an incremental increase in general violence," rather than a "material change in country conditions." App. 000003. Moreover, as Butt argues, an increase in general violence does not negate the existence of persecution. Butt cites *Matter of Villalta*, 20 I&N Dec., 142 (BIA 1990), to argue: "persecution can and often [does] take[] place in the context of general violence." Pet'r's Br. at 10. We agree. Indeed, history teaches that festering religious, political and ethnic objectives of persecutors often surface concomitantly with a general increase in societal violence. In fact, common sense supports the conclusion that it is far more difficult to perpetrate acts of ethnic and religious hatred during times of calm and social order.

The government attempts to refute Butt's reliance on *Matter of Villalta* by arguing that that case "involved an alien whose case was on direct appeal from the immigration judge's denial of his asylum and withholding claims …" and by claiming that "Villalta established that he and his immediate family were singled out by [the persecutors]. . . ." . *See* Resp't Br. at 10. However, the procedural difference does not distinguish the legal principles that apply to the adjudication of the motion. Furthermore, we are at a loss to understand the relevance of the fact that Villalta and his family were singled out. Butt does not have to show that he was "singled out," because he is relying on a pattern or

practice of persecution of a group that he is a member of. *See* 8. C.F.R. § 208.13(b)(2) ("[T]he asylum officer or immigration judge shall not require the applicant to provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if: . . . there is a pattern or practice . . . of persecution of a group of persons similarly situated . . . and the applicant establishes his . . . identification with, such group . . . such that his . . . fear of persecution upon return is reasonable."). *See also Guo*, 386 F.3d at 564. We therefore conclude that the Board acted arbitrarily in refusing to reopen Butt's application for relief.

The Board also rejected Butt's claim that he would be persecuted on account of having been born in India and having resided in the United States for several years; as well as his claim that he would be targeted because he is a doctor. The former claims were rejected because the Board failed to find materially changed country conditions. Since we conclude that the Board's analysis was arbitrary and will remand on that basis, the Board should consider these additional claims on remand to the extent that Butt can establish these claims based upon the materials submitted with his motion.

The Board explained its rejection of any claim based on Butt's status as a doctor as follows: "To the extent that [Butt] asserts that he would be targeted because he is a doctor, apparently arguing membership in a particular social group or imputed political opinion, he has failed to cite any cases which would recognize such as a cognizable particular social group or imputed political opinion." App. 000004. Nevertheless, the materials that Butt submitted do refer to elites being singled out for persecution in

7

Pakistan. Although absence of favorable decisions is certainly a factor that can be considered in rejecting any claim, it is not at all clear that the Board or any appellate court has ever been asked to decide whether doctors or elites in Pakistan constitute a particular social group under asylum law given the prevailing conditions at the relevant time. Thus, the absence of prior decisions should not have automatically precluded Butt from raising such a claim here. Accordingly, on remand, if the Board considers that such a claim is not foreclosed as a matter of law, the Board should consider whether the record would support such a claim here.

## III.

For the reasons set forth above, we find that the Board's rejection of Butt's motion to reopen was an abuse of discretion and we will therefore grant the petition for review and remand to the Board for additional proceedings consistent with this opinion.